Dickerson v. Bowers.

SARAH C. DICKERSON

*v.*

WILLIAM K. BOWERS et al.

1. Deeds sent to a county clerk to be recorded, but which are not accompanied with his fees for recording them, are not, it seems, "lodged" with him within the meaning of *Rev. p. 155 § 14*, so as to be notice to a subsequent *bona fide* creditor of the vendor.

2. If a creditor's attorney have actual notice of a conveyance of his debtor's land, he is as much debarred from claiming relief as a *bona fide* creditor without notice thereof, as if he had had such actual notice himself, although he denies notice in his answer under oath.

*Mr. J. M. Robeson,* for complainant.

*Mr. W. H. Morrow,* for defendants.

BIRD, V. C.

In 1879, the complainant joined with her husband in conveying the title to certain lands to her father, and the father at once conveyed them back to the complainant. In 1883, the complainant's husband and his brother, as partners, became indebted to the defendants Greer and Larison, who recovered judgments, issued executions, and levied upon the land included in the above conveyances, as the land of the complainant's husband. They threaten to sell the same. This bill is filed to restrain such sale.

The defendants insist that if there was any such conveyance, the deeds were not recorded, and that they had no notice of them, and that therefore the conveyances are no bar.

The complainant says that the same day that the deeds were executed and delivered, she caused them to be mailed to the clerk of common pleas of the county, with a request to record the same, and to inform her of the necessary charges therefor, and also promised to remit the amount of such charges on the receipt

of such information. She also says that the defendants had actual notice.

The deeds reached the clerk's office. They were received by him. He neither recorded them, nor indorsed them in any manner. He says they were "pigeon-holed." He says it was his custom to receive and record all deeds from persons whom he knew to be responsible, whether the fees for recording were paid or not; but if he did not know the party who deposited the deed for record, he would not record it until the fees had been paid, but would "pigeon-hole" it.

I am not satisfied that the deeds were "lodged" with the clerk for record within the true meaning of the act; and yet there are very good grounds for holding that they were so lodged, and that the clerk had no right, without more, to put them in a private place. It is the duty of the clerk to record the deeds lodged with him for that purpose, and it is the duty of the grantee to pay him therefor the fees allowed by law. I do not discover by the act that the clerk can refuse to record until the fees are paid. The obligation of the respective parties is not fixed in order of time by the law. But it would seem reasonable to require the payment of the fees in the first instance, since the statute imposes a penalty on the clerk for any neglect, and subjects him to a liability for all damages which any party may sustain for the non-performance of any duty.

But I think the defendants are barred because they had actual or direct notice through their attorney or agent, Mr. Fisher. Mr. Dickerson, Mr. Fisher and others were together, respecting the liabilities and assets of Dickerson & Co., and Dickerson said to Warren, in the presence of Fisher, that they held the premises in question under lease from his wife; that the place belonged to his wife, and he supposed she would rent it. This was before the judgments were docketed. These statements, thus sworn to by Dickerson, are not questioned in any manner. They are entitled to all the force of an uncontradicted statement by an unimpeached witness.

The answers of the defendants deny all notice in the most positive manner. Although sworn to, this is not enough. The

broad rule, giving so much weight to an answer under oath, is not quite universal. I think this case comes within the exception. Where it is the duty of a defendant to know of the existence of a fact, he is charged with knowledge whether he knows it or not. The court will not allow a defendant to make the defence of ignorance, when it was only necessary for him to open his eyes that he might see and be informed. The counsel or attorney of the defendants, Mr. Fisher, was informed, and information to him was knowledge to the defendants. This being apparent to the court, the court seems to be obliged to follow the exception to the general rule. Were it not so, in every case, in order to avoid the effect of notice, the party has only to put forward his agent. In every such case, in order to have all the advantages of an answer under oath, it is only necessary that the principal direct his agent to learn everything, but communicate to his principal nothing, so that he may swear that he is without any notice. The doctrine which should control in such cases is announced in *Smallwood* v. *Lewin, 2 McCart. 60.*

I think the injunction should prevail, and will so advise.